Neil B. Klein, CA Bar No. 142734
neilk@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone:   (949) 724-0200
Attorneys for Plaintiff
Eastern Pacific Chartering (22) Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EASTERN PACIFIC CHARTERING (22) INC., <br><br>  Plaintiff, <br><br> vs. <br><br> LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD., <br><br> Defendant, <br><br> and <br><br> DBS BANK LTD., <br><br> Garnishee | Case No. 2:22-cv-5111 <br><br> IN ADMIRALTY, Fed. R. Civ. P. 9(h) <br><br> **VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF SUPPLEMENTAL RULE B MARITIME ATACHMENT AND GARNISHMENT WRIT** |

Eastern Pacific Chartering (22) Inc. ("EPC22") brings this action against Louis Dreyfus Company Freight Asia Pte Ltd. ("LDCFA"), *quasi in rem,* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment, including against Garnishees, and states as follows:

//

//

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). EPC22 further brings this action pursuant the Federal Arbitration Act, 9 U.S.C. §1 *et seq*., in that it involves a maritime transaction within the meaning of 9 U.S.C. §1 and seeks to obtain security in assistance of arbitration pursuant to 9 U.SC. §8 for arbitration EPC22 has initiated against LDCFA in London under a vessel charter party between EPC22 and LDCFA, as more fully detailed below.

2. Venue is proper in this District because the Garnishees are located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because LDCFA's property is or soon will be in this District, namely, bank accounts payable from Garnishee to LDCFA, because Garnishee has operations and a resident agent in this District.

4. LDCFA cannot be found in this District within the meaning of Supplemental Rule B.

**The Parties**

5. LDCFA is a Singapore corporation.

6. EPC22 is a Liberian corporation and the disponent owner of the vessel M/T PACIFIC AZUR ("Vessel"), which was chartered to LDCFA.

7. Garnishee is an entity with offices or agents located in this District which, on information and belief as detailed below, EPC22 reasonably believes holds accounts which are the property of and/or owing to LDCFA.

**Facts**

8. LDCFA sold a significant quantity of bleached and dried bulk palm olein (the "Cargo") to a Greek company called Agroinvest, S.A.

9. LDCFA then chartered the Vessel from EPC22 by way of a voyage charter party ("Charter Party") dated May 4th 2021. The Charter Party requires LDCFA to indemnify and defend EPC22 from all claims concerning carriage of cargo aboard

the Vessel, provides for London arbitration of Charter Party disputes, and is governed by English law.

10. On or about May 30th 2021, LDCFA caused the Cargo to be loaded on the Vessel at Balikpapan, Indonesia, for carriage to Achladi, Fthiotidas, Greece pursuant to LDCFA's stowage plan.

11. The Cargo was discharged in Achladi, Greece on about July 15-16th 2021. Upon the Vessel's arrival in Achladi, Agroinvest S.A. alleged the temperature of the Cargo had significantly exceeded specifications for the transportation of the Cargo, and that the Cargo accordingly was damaged. Agents for Agroinvest S.A. contended to EPC22 that the damage to the Cargo was attributable to negligent monitoring of the Cargo temperature inside the Vessels' tanks during the voyage.

12. Any alleged over-heating and subsequent damage to the Cargo, however, is the fault of LDCFA, specifically, LDCFA's faulty stowage plan. EPC22 therefore put LDCFA on notice that EPC22 would, in addition to the indemnity and defense obligations LDCFA owed to EPC22 under the Charter Party, look to LDCFA for any losses and/or damages arising out of EPC22's compliance with LDCFA's orders and stowage plan.

13. Agroinvest S.A., by its agents, demanded that EPC22 pay it damages of EUR €1,650,894.30 (at present, about US$1,681,749.51) plus interest. On July 15th 2022, Agroinvest S.A., by its agents, commenced London arbitration against EPC22.

14. Further to its demand, Agroinvest S.A. threatened to arrest the Vessel at Durban, South Africa. In order to avoid arrest, EPC22 had its insurer issue a Letter of Undertaking to Agroinvest, S.A. in the amount of EUR €2,047,108.93 + GPB £350,000 (at present, about US$2,085,369.40 + US$419,335.00 = US$2,504.704.40). The additional amount over Agroinvest, S.A.'s claimed damage is to provide for arbitration costs, including arbitrators' and attorneys' fees and interest.

15. EPC22 has demanded that because of LDCFA's faulty stowage plan and obligations under the Charter Party, LDCFA should indemnify and defend EPC22 and secure EPC22 for the amounts for which EPC22 in turn has secured Agroinvest S.A. However, LDCFA has failed or refused to provide such security.

### Specific Allegations - Garnishee

16. As set out in **Exhibit A hereto**, LDCFA holds its bank account with Garnishee DBS Bank Ltd., which has an office and agent in this District, as set out in **Exhibit B hereto**. EPC22 therefore reasonably believes that this Garnishee owes accounts to LDCFA.

### Count I

### Breach of Contract – Security for Arbitration

17. EPC22 repeats and incorporates paragraphs 1 through 16 as though fully set forth herein.

18. LDCFA breached its maritime contract with EPC22 and caused EPC22 damages and further caused EPC22 to be required, to avoid arrest of the Vessel, to post security in the arbitration initiated against EPC22 by or for Agroinvest, S.A, which is subject to London arbitration, for which EPC22 seeks security by way of funds and other property held by Garnishees, as set out below.

### Count II

### Maritime Attachment and Garnishment (Rule B)

19. EPC22 repeats and incorporates paragraphs 1 through 16 as though fully set forth herein.

20. EPC22 seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including contractual attorneys' fees and costs.

21. No security for EPC22's claims has been posted by LDCFA or anyone acting on its behalf.

22. LDCFA cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or

assets in this jurisdiction because of the presence of the Garnishee in this District, namely, accounts held by Garnishee for LDCFA.

**Prayer for Relief**

WHEREFORE, EPC22 prays:

A. That in response to Count I, process of maritime attachment be issued to garnish and attach property of LDCFA including, but not limited to, accounts payable owed or to be owed from garnishees to LDCFA in the amount of at least US$3,004,704.40 (US$2,504,704.40 for breach of the Charter Party as detailed above, in the amount of the security which EPS22 has provided to Agroinvest, S.A, plus a further amount for accrued and accruing interest, costs and attorneys' and arbitrators' fees of at least US$500,000 in security of EPC22's claims asserted or to be asserted against LDCFA in London Arbitration), and upon that total amount being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

B. That in response to Count II, since LDCFA cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of LDCFA's tangible or intangible property or any other funds held by Garnishee, up to the amount demanded herein of at least US$3,004,704.40 to secure EPC22's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint;

C. That as provided in Supplemental Rule B, such person over 18-years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action; and

D. That this Court award EPC22 such other and further relief that this Court deems just and proper.

Date: July 23, 2022.

Respectfully submitted,

  /s/ Neil B. Klein
_____
Neil B. Klein
McKasson & Klein LLP
Attorneys for Plaintiff Eastern Pacific
Chartering (22) Inc.

# VERIFICATION

I am a Principal of the law firm Simms Showers LLP, counsel for Eastern Pacific Chartering (22) Inc. ("EPC22").

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information, based upon the records of EPC22 made available to me by EPC22. EPC22's authorized officers are not readily available in this District to make verifications on EPC22's behalf and I am authorized to make this verification on EPC22's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Defendant in this District.

Pursuant to 28 U.S.C. §1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2022

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste 230
Baltimore, Maryland 21030
Tel: 410-783-5795
jssimms@simmsshowers.com

**EXHIBIT A**


Louis Dreyfus Company Freight Asia Pte Ltd
12 Marina Boulevard - Marina Bay Financial Centre Tower 3
# 33-03 Singapore 018982
Company Reg No: 199306551Z

Telephone: (65) 6735 9700
Facsimile: (65) 6735 9600
Telex: RS 23680 SESOS

09 September 2020

Eastern Pacific Shipping Pte Ltd
1 Temasek Avenue
#38-01 Millenia Tower
Singapore 039192

Dear EPS Compliance Team,

We are writing to inform you that all payments to Louis Dreyfus Company Freight Asia Pte Ltd should be made to the following bank details listed below:

| | |
|---|---|
| Currency | USD |
| BIC / SWIFT | DBSSSGSG |
| Account Number | **[REDACTED FROM PUBLIC COURT FILING]** |
| Beneficiary Name | LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD |
| Bank Name and address | DBS BANK LTD |
| | 12 Marina Boulevard |
| | Marina Bay Financial Centre Tower 3 |
| | Singapore 018982 |

Thank you.

Yours faithfully,
Louis Dreyfus Company Freight Asia Pte Ltd

Didier Chatenet
Head of Treasury & Trade Finance

Brendan Moo
Regional Chief Financial Officer



**EXHIBIT B**




## Corporation - Statement of Information No Change

| | |
|---|---|
| Entity Name: | DBS BANK LTD. |
| Entity (File) Number: | C1118760 |
| File Date: | 08/26/2021 |
| Entity Type: | Corporation |
| Jurisdiction: | SINGAPORE |
| Document ID: | GW08887 |

*There has been no change in any of the information contained in the previous complete Statement of Information filed with the California Secretary of State.*

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:   Thomas Joseph McCabe

Use *bizfile.sos.ca.gov* for online filings, searches, business records, and resources.

Document ID: GW08887

**Exhibit B**

DO NOT WRITE IN THIS SPACE

# Statement and Designation by Foreign Corporation

FILED
In the office of the Secretary of State
of the State of California

AUG 3 1982

MARCH FONG EU, Secretary of State

By __Leslie Glenn__
Deputy

1118760

The Development Bank of Singapore Limited
_____
(Name of Corporation)

a corporation organized and existing under the laws of _____Singapore_____,
(Place or State of incorporation)

makes the following statements and designation:

1. The address of its principal executive office is DBS Building, Shenton Way, Singapore 0106.
_____
(Insert complete address of principal executive office wherever located – Do not use Post Office Box)

2. The address of its principal office in the State of California is 10th Floor, Manulife Building, 515 South Figueroa Street, Los Angeles, California 90014.
_____
(Insert complete address of principal office in California – Do not use Post Office Box)

**DESIGNATION OF AGENT FOR SERVICE OF PROCESS WITHIN THE STATE OF CALIFORNIA**

3. *(Use this paragraph if the process agent is a natural person.)*

_____,

a natural person residing in the State of California, whose complete [ ] business [ ] residence address is

_____,
(Do not use Post Office Box)

is designated as its agent upon whom process directed to the corporation may be served within the State of California in the manner provided by law.

NOTE: Either the business address or the residence address must be given. Indicate which by check mark in proper box.

FORM TO BE COMPLETED ON REVERSE SIDE

SEC/STATE Form LL-8 (2/80)                (OVER)

4. *(Use this paragraph if the process agent is a corporation. See instructions)*

C. T. Corporation System _____, a corporation

organized and existing under the laws of __Delaware USA_____

is designated as agent upon whom process directed to the undersigned corporation may be served within the State of California, in the manner provided by law.

NOTE: Before it may be designated by any foreign corporation as its agent for service of process, a corporate agent must comply with Section 1505, California Corporations Code. (See instruction 2.)

5. The undersigned corporation hereby irrevocably consents to service of process directed to it upon the agent designated above, and to service of process on the Secretary of State of the State of California if the agent so designated or the agent's successor is no longer authorized to act or cannot be found at the address given.

The Development Bank of Singapore Limited
(Name of Corporation)

_____
(Signature of corporate officer)

Lim Sean Teck, Secretary
(Typed name and title of officer signing)

## INSTRUCTIONS:

1. There must be annexed to this statement, a certificate by an authorized public official of the state or place of incorporation of the corporation, to the effect that the corporation making the statement is an existing corporation in good standing in that state or place. IF A NONPROFIT CORPORATION IS TO BE QUALIFIED, the certificate must also indicate that the corporation is a nonstock, nonprofit corporation.

2. No domestic corporation may be designated as agent for service of process unless it has filed with the Secretary of State the certificate provided for by Section 1505, Corporations Code, and no foreign corporation may be designated unless it has qualified for the transaction of intrastate business in California and has filed with the Secretary of State of the State of California the certificate provided for by Section 1505, California Corporations Code. A domestic or foreign corporation must be currently authorized to engage in business in this State and be in good standing status on the records of the Secretary of State of the State of California, in order to file a certificate pursuant to this section.

NOTE: A CORPORATION CANNOT ACT FOR *ITSELF* AS AGENT FOR SERVICE OF PROCESS.

3. If a corporation is required to qualify under a D.B.A. (name other than the true corporate name) pursuant to Section 2106(b), Corporations Code, then in the first line of this statement set out the correct corporate name, followed by "which will do business in California as _____," setting forth the D.B.A. in the space indicated. The D.B.A. should not be set out in connection with the corporate name anywhere else in the statement.

4. If the corporation changes its name or if there are any changes in the information contained in this statement, then the corporation must file an Amended Statement and Designation. A form may be obtained from the Secretary of State.

TO ALL TO WHOM THESE PRESENTS SHALL COME I, FOO YEW HENG, Notary Public, duly authorised admitted and practising in the Republic of Singapore, after an examination of the relevant Corporate public record, DO HEREBY CERTIFY as follows:

1. THE DEVELOPMENT BANK OF SINGAPORE LIMITED having its registered office at DBS Building, 6 Shenton Way, Singapore was duly incorporated as a company under the laws of the Republic of Singapore on the 16th day of July 1968; and

2. As of the date hereof, THE DEVELOPMENT BANK OF SINGAPORE LIMITED is in existence and is authorised to function as a corporation, and no order or resolution for its dissolution or winding-up has been entered.

IN FAITH AND TESTIMONY WHEREOF I have hereunto subscribed my name and affixed my Seal of Office at Singapore, this 24th day of June One Thousand Nine Hundred and Eighty-Two (1982).



NOTARY PUBLIC
SINGAPORE

REVENUE
24 JUN 1982
SINGAPORE