# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EASTERN PACIFIC CHARTERING (22) INC. | CASE NUMBER: |
| PLAINTIFF(S) | 2:22-cv-05111-PA-JC |
| v. | |
| LOUIS DREYFUS COMPANY | **ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENT(S)** |
| DEFENDANT(S). | |

The Court hereby **ORDERS** the documents listed below be **STRICKEN** for failure to comply with the Court's Local Rules, General Orders, and/or Case Management Order, as indicated:

| Date Filed | Doc. No. | Title of Document |
|---|---|---|
| 07/23/2022 | 6 | EX PARTE APPLICATION for Issuance of Process of Maritime Attachment and Garnishment |
| 07/23/2022 | 7 | EX PARTE APPLICATION for Order for Appointing Special Process Server Pursuant to FED. R. CIV. P 4(C)(3) |

- ☐ Document submitted in the wrong case
- ☐ Incorrect document is attached to the docket entry
- ☐ Document linked incorrectly to the wrong document/docket entry
- ☐ Incorrect event selected. Correct event is _____
- ☐ Case number is incorrect or missing
- ☐ Hearing information is missing, incorrect, or not timely
- ☐ Local Rule 7.1-1 No Certification of Interested Parties and/or no copies
- ☐ Case is closed
- ☐ Proposed Document was not submitted as separate attachment
- ☐ Title page is missing
- ☐ Local Rule 56-1 Statement of uncontroverted facts and/or proposed judgment lacking
- ☐ Local Rule 56-2 Statement of genuine disputes of material fact lacking
- ☑ Local Rule 7-19.1 Notice to other parties of ex parte application lacking
- ☐ Local Rule 11-6 Memorandum/brief exceeds 25 pages
- ☐ Local Rule 11-8 Memorandum/brief exceeding 10 pages shall contain table of contents
- ☐ Other:

Dated:  July 29, 2022

By: _____
U.S. District Judge / U.S. Magistrate Judge

cc: *Assigned District and/or Magistrate Judge*

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

1   Neil B. Klein, CA Bar No. 142734
    neilk@mckassonklein.com
2   McKASSON & KLEIN LLP
    18401 Von Karman Ave., Suite 330
3   Irvine, CA 92612
    Phone:    (949) 724-0200
4
    Attorneys for Plaintiff Eastern Pacific
5   Chartering (22) Inc.

6

7

8                  **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

|  |  |
|---|---|
| EASTERN PACIFIC CHARTERING (22) INC., | Case No.  **2:22-cv-5111** |
| Plaintiff, | IN ADMIRALTY, Fed. R. Civ. P. 9(h) |
| vs. | |
| LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD., | ***EX PARTE* APPLICATION FOR ORDER APPOINTING SPECIAL PROCESS SERVER PURSUANT TO FED. R. CIV. P 4(C)(3) AND SUPPLEMENTAL RULE B** |
| Defendant, | |
| and | |
| DBS BANK LTD., | |
| Garnishee. | |

10

11

12

13

14

15

16

17

18

19

20      Plaintiff Eastern Pacific Chartering (22) Inc. files this *Ex Parte* Application

21   pursuant Fed. R. Civ. P. 4(c)(3) and Supplemental Rule B(1)(d)(ii) of the

22   Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

23   Rules of Procedure, for an order appointing Neil B. Klein of the undersigned firm

24   or a third party process server who is authorized to serve legal process under

25   California law, all over 18 years of age and not a party to the action, to act as

26   special process server to effect service of the Process of Maritime Attachment and

27   Garnishment and of any supplemental process in this matter on Garnishee DBS

28   Bank Ltd. and/or at any DBS Bank Ltd. branch within the Central District of

1   California where service is accepted.

2      Supplemental Rule B(1)(d)(ii) provides in pertinent part as follows:

3          If the property is other tangible or intangible property, the

4          summons, process, and any supplemental process must be

5          delivered to a person or organization authorized to serve it, who

6          may be (A) a marshal; (B) someone under contract with the United

7          States; (C) **someone specially appointed by the court for that**

8          **purpose**; or, (D) in an action brought by the United States, any

9          officer or employee of the United States.

10  (Emphasis added). Fed. R. Civ. P. Rule 4(c)(3) provides in relevant part: "At the

11  plaintiff's request, the court may order that service be made by a United States

12  marshal or deputy marshal or by a person specially appointed by the court."

13     As further basis for this motion, service of the maritime garnishment writs issued

14  on garnishees in this District will be straightforward and involve delivery of the writ

15  to the garnishees believed to be in possession of funds. Service of maritime

16  garnishment writs will not involve restraint of physical property. Utilizing private

17  process service will conserve the resources of the United States Marshal.

18     Plaintiff will, upon service, promptly cause returns of service to be filed.

19     WHEREFORE, Plaintiff respectfully requests this Court to grant the *ex parte*

20  relief requested and appoint a special process server who is over the age of 18

21  and not a party to this action, as set out in the proposed order submitted

22  concurrently herewith.

23  Date: July 23, 2022               Respectfully submitted,

24

25                                   /s/ Neil B. Klein

26                                   Neil B. Klein
                                     McKasson & Klein LLP
27                                   Attorneys for Plaintiff Eastern Pacific
                                     Chartering (22) Inc.
28

---

*Ex Parte* Application for Order Appointing Special Process Server
Pursuant to Fed. R. Civ. P. 4(C)(3) and Supplemental Rule B                Page 2

1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10    EASTERN PACIFIC CHARTERING          Case No.  2:22-cv-5111
      (22) INC.,

11

12          Plaintiff,                    IN ADMIRALTY

13    vs.

14    LOUIS DREYFUS COMPANY               **[PROPOSED] ORDER APPOINTING**
      FREIGHT ASIA PTE LTD.,              **SPECIAL PROCESS SERVER**

15                                        **PURSUANT TO FED. R. CIV. P**
                                          **4(C)(3) AND SUPPLEMENTAL**
16          Defendant,                    **RULE B**

17    and

18

19    DBS BANK LTD.,
            Garnishee

20

21

22        The Court, having reviewed Plaintiff Eastern Pacific Chartering (22) Inc.'s *Ex*

23    *Parte* Application filed pursuant Fed. R. Civ. P. 4(c)(3) and Supplemental Rule

24    B(1)(d)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims

25    of the Federal Rules of Procedure, for an order appointing a special process

26    server to effect service of the Process of Maritime Attachment and Garnishment

27    and of any supplemental process in this matter, and it appearing that such

28    appointment will result in substantial economies in time and expense, hereby:

1      **ORDERS** that Neil B. Klein of McKasson & Klein LLP, or any third-party

2   process server who is authorized to serve legal process under California law,

3   each over 18 years of age and not a party to the action, is hereby appointed and

4   to act as special process server to effect service of the Process of Maritime

5   Attachment and Garnishment and Verified Complaint in this action, and to effect

6   service of any supplemental process in this matter.

7      **IT IS SO ORDERED.**

8      Date: July ___ , 2022.

9

10
                                        _____
                                        United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Appointing Special Process Server Pursuant to
Fed. R. Civ. P. 4(C)(3) and Supplemental Rule B                         Page 2

Neil B. Klein, CA Bar No. 142734
neilk@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone:   (949) 724-0200
Attorneys for Plaintiff
Eastern Pacific Chartering (22) Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EASTERN PACIFIC CHARTERING (22) INC., <br><br> Plaintiff, <br><br> vs. <br><br> LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD., <br><br> Defendant, <br><br> and <br><br> DBS BANK LTD., <br><br> Garnishee | Case No.  **2:22-cv-5111** <br><br> IN ADMIRALTY, <u>Fed. R. Civ. P. 9(h)</u> <br><br> ***EX PARTE* APPLICATION FOR ORDER AUTHORIZING ISSUANCE OF <u>PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT</u>; POINTS AND AUTHORITIES** |

Plaintiff Eastern Pacific Chartering (22) Inc. ("EPC22") files this *Ex Parte* Application pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims of the Federal Rules of Procedure, for an order authorizing immediate issuance of <u>process of maritime attachment and garnishment</u> for the property of Defendant Louis Dreyfus Company Freight Asia Pte Ltd. held or controlled by garnishees, including DBS Bank Ltd. or its agents, within in this District.

This Application is based on EPC22's Verified Complaint on file with the Court,

1   the attached memorandum of points and authorities, accompanying proposed

2   order and proposed Process of Maritime Attachment and Garnishment, the

3   relevant pleadings, documents and matters of which the Court may take judicial

4   notice, and such other matters which may properly come before this Court.

5   Date:   July 23, 2022.

6                                     Respectfully submitted,
                                        /s/ Neil B. Klein

7                                     Neil B. Klein
                                      McKasson & Klein LLP

8                                     Attorneys for Plaintiff Eastern Pacific
                                      Chartering (22) Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3      Plaintiff Eastern Pacific Chartering (22) Inc. ("EPC22" or "Plaintiff") moves,

4  pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims of the

5  Federal Rules of Procedure ("Rule B"), for an Order directing the Clerk to issue

6  Process of Maritime Attachment and Garnishment ("Writ") for the property of

7  Defendant Louis Dreyfus Company Freight Asia Pte Ltd. ("LDCFA" or

8  "Defendant") held or controlled by named Garnishee DBS Bank Ltd. and providing

9  further that the Clerk may issue additional writs on application by EPC22.

10

**II.   THE CONDITIONS FOR RULE B PROCESS ARE SATISFIED**

11     Supplemental Rule B for Certain Admiralty and Maritime Claims of the Federal

12  Rules of Procedure ("Rule B") permits a plaintiff to attach defendant's property in

13  the hands of garnishees if: (1) Plaintiff has a valid prima facie admiralty claim

14  against defendant; (2) defendant cannot be found within the district; (3)

15  defendant's property can be found within the district, and (4) there is no statutory

16  or maritime law bar to the attachment. Fed. R. Civ. P., Supp. Rule B; *Equatorial*

17  *Marine Fuel Mgmt. Servs. Pte v. MISC Berhad*, 491 F.3d 1208, 1210(9th Cir.

18  2010), *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.,* 460 F.3d 434, 445

19  (2nd Cir. 2006). The standard of proof for a plaintiff seeking maritime attachment

20  under Rule B is permissive in the initial pleading stage as plaintiff need not prove

21  its claim by a preponderance of the evidence, or to a similar standard, but rather

22  present sworn factual assertions satisfying the four prerequisites.

23

**A. EPC22 Has a Valid Admiralty Claim Against Defendants**

24     Plaintiff's Verified Complaint confirms that Defendant chartered the Vessel

25  from EPC22 pursuant to a Charter Party dated May 4, 2021 for the transport of

26  Cargo from Indonesia to Greece. The Cargo was loaded on the Vessel in

27  accordance with the stowage plan provided by LDCFA. Defendant's stowage plan

28  was faulty, allowing the temperature of the Cargo to significantly exceed the

1   specifications for the transportation of the Cargo, resulting in damage to the

2   Cargo.  Defendants have failed to pay for those damages.

3       Accordingly, EPC22 has set out enough facts in its Verified Complaint to state

4   a *prima facie* admiralty claim under general maritime law. *Interpool, Ltd. v. Char*

5   *Yigh Marine SA*, 890 F.2d 1453, 1454, fn 2 (9th Cir. 1989) (charter party is a

6   maritime contract).

7       **B. Defendant's Property Is Found Within This District**

8       EPC22 seeks attachment of Defendants' property, as defined in the Verified

9   Complaint, including but not limited to accounts held by Garnishee DBS Bank Ltd.

10  and any other funds/property maintained by the Garnishee for the benefit of

11  Defendant.

12      The Verified Complaint sets out the factual "bases for its belief that

13  [D]efendant's property may be found within this District, as well as the garnishees

14  it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme*

15  *Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420, *7

16  (S.D.N.Y. Nov. 24, 2008) (considering pleading requirements for "property held by

17  garnishee" under Rule B). "At the pleading stage, no obligation exists to prove

18  anything, only to allege 'enough facts to state a claim to relief that is plausible on

19  its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS

20  55300, *21–22 (S.D.N.Y. July 18, 2008) (quoting *Bell Atlantic Corp v. Twombly*, 550

21  U.S. 544 (2007)). EPC22's allegations demonstrate a "plausible" entitlement to a

22  maritime attachment because they "at least show that it is plausible to believe that

23  Defendant's property will be "in the hands of" garnishees in [this District] at the time

24  the requested writ of attachment is served or during the time that service is

25  affected. *Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd*., 2009 U.S. Dist.

26  LEXIS 24470, *5 (S.D.N.Y. Mar. 17, 2009).

27      Specifically, EPC22 is informed and believes that Defendant does, or will during

28  the pendency of this action, have tangible or intangible property within the Central

1  District of California. Named garnishee DBS Bank Ltd. does business with

2  Defendant and has an office or agents located in this District which, on information

3  and belief, EPC22 reasonably believes holds accounts which are the property of

4  and/or owing to Defendant. See Dkt. 1, ¶16. The proposed Writ thus names DBS

5  Bank Ltd. and orders the garnishment of Defendant's property (bank accounts).

6  Plaintiff's proposed Writ also limits garnishments "to the amount sued for" as

7  required by Rule B.

8      **C. There Is No Statutory or Maritime Law Bar to Rule B Process**

9      There is no statutory or maritime bar to the instant application for Rule B

10  process of maritime attachment and garnishment.

11  **III. CONCLUSION**

12      For the reasons stated herein EPC22 respectfully requests that the Court direct

13  the Clerk to issue process of attachment and garnishment of Defendant's property,

14  including but not limited to accounts held by Garnishee DBS Bank Ltd., and any

15  other funds/property maintained by garnishee(s) for the benefit or on behalf of

16  Defendant.

17  Date: July 23, 2022

18

19                                         Respectfully submitted,

20

21                                        /s/ Neil B. Klein
                                      Neil B. Klein

22                                        McKasson & Klein LLP
                                      Attorneys for Plaintiff Eastern Pacific

23                                        Chartering (22) Inc.

24

25

26

27

28

1
2

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| 3   EASTERN PACIFIC CHARTERING (22) INC., | Case No.   2:22-cv-5111 |
| 4 | |
| 5        Plaintiff, | IN ADMIRALTY |
| 6   vs. | |
| 7   LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD., | **PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT** |
| 8 | |
| 9        Defendant, | |
| 10   and | |
| 11 | [Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure] |
| 12   DBS BANK LTD., | |
| 13        Garnishee | |

14

15    **GARNISHEE: DBS BANK LTD.**

16      **WHEREAS**, Plaintiff Eastern Pacific Chartering (22) Inc. ("Plaintiff") filed a

17 Verified Complaint on July 23, 2022, in the United States District Court for the

18 Central District of California, for amounts alleged due and owing to said Plaintiff

19 by Defendant LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD. in the

20 sum of at least **$3,004,704.40**, and praying for Process of Maritime Attachment

21 and Garnishment against Louis Dreyfus Company Freight Asia Pte Ltd. pursuant

22 to Supplemental Rule B for Certain Admiralty and Maritime Claims of the Federal

23 Rules of Procedure ("Rule B"); and

24      **WHEREAS**, this Process of Maritime Attachment and Garnishment issued

25 following the Court's review of Plaintiff's Verified Complaint, verification, and *ex*

26 *parte* application for issuance of process of maritime attachment and

27 garnishment, pursuant to which the Court found the conditions of Rule B appear

28

to exist and entered an Order so stating and authorizing issuance of process of maritime attachment and garnishment;

**NOW, THEREFORE**, you are hereby commanded that if the said Defendant cannot be found within the District, you attach the following pursuant to Supplemental Rule E(5) for Certain Admiralty and Maritime Claims of the Federal Rules of Procedure:

> All assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant Louis Dreyfus Company Freight Asia Pte Ltd. within this District up to **$3,004,704.40**, and that the same be attached as may be found in the possession of garnishees or which are found in the possession or control of specific garnishee <u>DBS Bank Ltd.</u>, and/or any other garnishee within this District.

**YOU ARE FURTHER COMMANDED**, promptly after execution of this process, to file notice in this Court with your return thereon and mail a copy to the attorney at whose request the execution was completed.

WITNESS THE HONORABLE Judge _____, Magistrate Judge of this Court, this ___ day of July 2022.

By: _____
    CLERK OF THE COURT

BY: _____
    Deputy Clerk

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| EASTERN PACIFIC CHARTERING (22) INC., | Case No.   2:22-cv-5111 |
| Plaintiff, | IN ADMIRALTY |
| vs. | |
| LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD., | **[PROPOSED] ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT** |
| Defendant, | |
| and | |
| DBS BANK LTD., | |
| Garnishee | |

The Court, having reviewed Plaintiff Eastern Pacific Chartering (22) Inc.'s *Ex Parte* Application for Issuance of Process of Maritime Attachment and Garnishment, together with the Verified Complaint and the attorney declaration averring that Defendant Louis Dreyfus Company Freight Asia Pte Ltd. cannot be found in the Central District of California, and finding that the conditions of Supplemental Rule B for Certain Admiralty and Maritime Claims of the Federal Rules of Procedure ("Rule B") appear to exist, hereby:

1    **ORDERS** that the Clerk of this Court issue Process of Maritime Attachment

2    and Garnishment, pursuant to Rule B, for all assets, cash, funds, credits, wire

3    transfers, accounts, letters of credit, electronic fund transfers, freights, sub-

4    freights, charter hire, sub-charter hire, or any other tangible and/or intangible

5    assets belonging to, due, claimed by, being held for or on behalf of, or being

6    transferred for the benefit of Defendant Louis Dreyfus Company Freight Asia Pte

7    Ltd., including, but not limited to any such assets as may be in the possession,

8    custody or control of, or being transferred through any garnishee within this

9    District, and said Order being equally applicable with respect to the issuance and

10    service of additional writs of maritime attachment and garnishment upon any

11    garnishees in this District not named herein, pursuant to Rule B of the

12    Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

13    Rules of Civil Procedure;

14    **ORDERS** that any person claiming an interest in the property attached or

15    garnished pursuant to said Order shall, upon application to the Court, be entitled

16    to a prompt hearing at which Plaintiff shall be required to show why the

17    garnishment or attachment should not be vacated or other relief granted;

18    **ORDERS** that any property attached or garnished pursuant to this Order may

19    be released from seizure without further order of the Court, as long as the

20    garnishee receives written authorization for the release from the attorney who

21    requested the attachment and garnishment, which written authorization shall

22    state that all parties in the Action have conferred through their counsel and

23    consent to the request for release, and provided that the Court has not entered

24    an order modifying the procedure for release of property attached pursuant to

25    this Order;

26    **ORDERS**, that the Clerk may issue supplemental or further writs of maritime

27    attachment and garnishment upon request by Plaintiff and without further order

28    of the Court;

1     **ORDERS** that following initial service of a writ of maritime attachment and

2   garnishment on any Garnishee, supplemental service of maritime attachment

3   and garnishment writs on that Garnishee and related papers may be made by

4   way of facsimile transmission or email to each such Garnishee;

5     **ORDERS** that service on any Garnishee as described above is deemed

6   continuous throughout the day from the time of such service through the opening

7   of the Garnishee's business the next business day;

8     **ORDERS** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each

9   Garnishee may consent, in writing, to accept service by any other means;

10     **ORDERS** that a copy of this Order be served with each said writ of maritime

11   attachment and garnishment; and,

12     **ORDERS** that to afford an opportunity for an expeditious hearing of any

13   objections which might be raised by Defendant, or any Garnishee, a hearing may

14   be set by calling the case manager of the undersigned.

15     **IT IS SO ORDERED.**

16   Date: July ___ , 2022.

17

18                                         _____

                                        United States District Court Judge

19

20

21

22

23

24

25

26

27

28