1  Neil B. Klein, CA Bar No. 142734
   neilk@mckassonklein.com
2  McKasson & KLEIN LLP
3  18401 Von Karman Ave., Suite 330
   Irvine, CA 92612
4  Phone:   (949) 724-0200
   Attorneys for Plaintiff
5  Eastern Pacific Chartering (22) Inc.
6

7                   **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

9

| | |
|---|---|
| EASTERN PACIFIC CHARTERING (22) INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>LOUIS DREYFUS COMPANY FREIGHT ASIA PTE LTD.,<br><br>        Defendant,<br><br>and<br><br>DBS BANK LTD.,<br><br>        Garnishee | **Case No. 2:22-cv-05111-PA-JC**<br><br>IN ADMIRALTY, Fed. R. Civ. P. 9(h)<br><br>**NOTICE OF REQUEST FOR REVIEW IN ACCORDANCE WITH RULE B AND FOR ORDER (1) AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT, AND (2) APPOINTING SPECIAL PROCESS SERVER PURSUANT TO FED. R. CIV. P. 4(C)(3) AND RULE B; POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. Supp Rule B; LAR E.4] |

10
11
12
13
14
15
16
17
18
19
20
21

22    Plaintiff Eastern Pacific Chartering (22) Inc. ("EPC22") files this Request for
23 Review in accordance with Rule B of the Supplemental Rules for Admiralty or
24 Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil
25 Procedure ("Admiralty Rules") and LAR E.4, and for an order (1) authorizing
26 issuance of process of maritime attachment and garnishment for property of
27 defendant Louis Dreyfus Company Freight Asia Pte Ltd. ("Defendant") held or
28

1  controlled by garnishees, including DBS Bank Ltd. or its agents, within in this

2  District, and (2) appointing Neil B. Klein of the undersigned firm, or a third party

3  process server, who is authorized to serve legal process under California law, all

4  over 18-years of age and not a party to the action, to act as special process server

5  to effect service of process of maritime attachment and garnishment and of any

6  supplemental process in this matter on garnishee DBS Bank Ltd. and/or at any

7  DBS Bank Ltd. branch within the Central District of California where service is

8  accepted.

9      This Request for Review also addresses the Court's July 29th 2022 Order

10 striking the initial *ex parte* applications, and demonstrates that the relief requested

11 is warranted by Rule B, the Federal Rules of Civil Procedure, and the Local Rules,

12 without advance notice to Defendant.

13     This Request for Review is based on EPC22's Verified Complaint on file with

14 the Court (and J. Stephen Simms verification and declaration attached thereto),

15 the attached memorandum of points and authorities, the accompanying

16 Declaration of Neil Klein, proposed order, and proposed Process of Maritime

17 Attachment and Garnishment, the relevant pleadings, documents and matters of

18 which the Court may take judicial notice, and such other matters which may

19 properly come before this Court.

20 Date:   August 3, 2022.

                                Respectfully submitted,

21

22

23      /s/ Neil B. Klein
        Neil B. Klein
24      McKasson & Klein LLP
        Attorneys for Plaintiff Eastern Pacific
25      Chartering (22) Inc.

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3

On July 29th 2022 the Court entered an Order striking two July 23rd 2022 *ex*

4
*parte* applications by EPC22, for failure to comply with Local Rule 7-19.1, which

5
would require notice to Defendant of the *ex parte* relief requested:

6
The *first application* sought an order directing the Clerk to issue process of

7
maritime attachment and garnishment for property of Defendant held or

8
controlled by garnishees, including DBS Bank Ltd. or its agents, within this

9
District, and for the Clerk to issue additional writs on application by EPC22;

10
and

11
The *second application* sought an order appointing a special process server

12
pursuant to Fed. R. Civ. P. 4(C)(3) and Rule B.

13
However, EPC22 believes the notice requirement of Local Rule 7-19.1 does

14
not apply to the issuance of Admiralty Rule B process, whether requested by ex

15
parte application or by request for review, as discussed below. Specifically, in

16
admiralty claims, the procedure for obtaining process of attachment and

17
garnishment is governed by the Admiralty Rules – here Rule B – and *not* by the

18
provisions of the Federal Rules of Civil Procedure and/or Local Rules governing

19
motions and *ex parte* applications in civil, non-maritime cases.

20
Because EPC22 satisfies the requirements for issuance of process of

21
attachment and garnishment, and for appointment of special process server under

22
Rule B, EPC22 respectfully requests the Court grant the relief requested.

23
**II.   PROCEDURE FOR ATTACHMENT & GARNISHMENT IN ADMIRALTY IS
24   UNIQUE AND NOT BOUND BY INCONSISTENT FRCP OR LOCAL RULE
REQUIREMENTS**

25
**A. History of Maritime Attachment and Garnishment**

26
The remedy of attachment and garnishment has deep roots in maritime

27
jurisprudence and predates the Admiralty Rules. See e.g. *Manro v. Alameida*, 23

28
U.S. (10 Wheat) 473 (1825). But when the Admiralty Rules were codified, the

1    distinctiveness of maritime attachment and garnishment, developed through

2    history and precedent, was preserved:

3            "Since their promulgation in 1966, the Supplemental Rules for

4            Certain Admiralty and Maritime Claims have preserved the special

5            procedures of arrest and attachment unique to admiralty law."

6    FRCP Supp Admiralty Rules Advisory Committee Notes, 1985 Amendment.

7            "Certain distinctively maritime remedies must be preserved in unified

8            rules."

9    FRCP Supp. Admiralty Rule A Advisory Committed Notes, 1966 adoption and

10   2006 amendment.[1]

11       Process of maritime attachment and garnishment is a *unique remedy* since

12   "[m]aritime parties are peripatetic, and their assets are often transitory.'"

13   *Proshipline, Inc. v. Aspen Infrastructures, Lt*d., 585 F.3d 105, 111 (2nd Cir. 2009).

14   "Maritime law deals primarily with ships that sail the seven seas. A ship may be

15   here today and gone tomorrow, not to return for an indefinite period, perhaps

16   never. Assets of its owner, including debts for freights...within the jurisdiction

17   today, may be transferred elsewhere or paid tomorrow. For this reason maritime

18   actions *in rem*, libeling the ship or other assets of a defendant, Supplemental

19   Rule C, or attachment in actions *in personam*, Supplemental Rule B, were

20   developed. These reasons are as valid today as they ever were. Particularly in

21   the case of debts and credits...they are necessary and valid today." *Polar*

22   *Shipping Ltd. v. Oriental Shipping Corp.,* 680 F.2d 627, 635-37 (9th Cir. 1982).

23       Due to the policy rationales, Rule B has traditionally had a dual purpose: (1)

24   to obtain *in personam* jurisdiction over a defendant; and (2) to ensure availability

25   of assets to satisfy a judgment in case plaintiff succeeds on the merits. *Seawind*

26   *Compania S.A. v. Crescent Line, Inc.*, 320 F. 2d 580, 581-82 (2nd Cir. 1963).

27   _____

28   [1] Authority in maritime cases, including to grant attachments in admiralty, also derives from admiralty jurisdiction given to the federal courts under Article III of the Constitution.

**B. No Advance Notice on Rule B Process of Attachment or Garnishment**

Against this historical context, and to accommodate the foreign and transitory nature of maritime commerce and assets, Rule B codifies the procedure for a plaintiff to seek a writ of attachment in admiralty *without* notice to the defendant; it provides, in relevant part:

> Rule B. In Personam Actions: Attachment and Garnishment.
>
> (1). When Available; Complaint, Affidavit, Judicial Authorization, and process. In an in personam action:
>
> (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible property - up to the amount sued for - in the hands of garnishees named in the process.
>
> (b) The plaintiff or plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. **The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment**. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

Fed. R. Civ. P. Supp Rule B(1)(a)-(b) [emphasis added]

Note: Rule B does not require advance notice to a defendant of the request for process of attachment and garnishment; instead, Rule B(2), entitled "Notice to Defendant," only requires notice by mail *prior to entry of a default judgment*. The advisory committee notes:

///

1    The former Admiralty Rules did not provide for notice to the
2    defendant in attachment and garnishment proceedings. None is
3    required by the principles of due process, since it is assumed that the
4    garnishee or custodian of the property attached will either notify the
5    defendant or be deprived of the right to plead the judgment as a
6    defense in an action against him by the defendant…[NP]…In the
7    usual case the defendant is notified of the pendency of the
8    proceedings by the garnishee or otherwise, and appears to claim the
9    property and to make his answer. Hence notice by mail is not
10    routinely required in all cases, but only in those in which the
11    defendant has not appeared prior to the time when a default
12    judgment is demanded. The rule therefore provides only that no
13    default judgment shall be entered except upon proof of notice, or of
14    inability to give notice despite diligent efforts to do so. Thus the
15    burden of giving notice is further minimized.

16  Fed. R. Civ. P. Supp Rule B Advisory Committed Notes, 1996.

17    Further, the 9th Circuit has upheld the constitutionality of Rule B and confirmed
18  that a defendant is not entitled to advance notice of a request for process of
19  attachment and garnishment:

20    **Due process does not require pre-attachment notice.** Such notice
21    could readily defeat the whole proceeding. The ship, it if were being
22    libeled under Supplemental Rule C, could depart beyond the
23    jurisdiction; the other property, to be seized under Supplemental rule
24    C, or attached under Supplemental Rule B, could be shipped out,
25    otherwise disposed of, or concealed; credits, such as are here
26    involved, could be collected or transferred out of the jurisdiction.

27  *Polar Shipping, supra*, 680 F.2d at 637-8 (emphasis added); *GK Management*
28  *Co. Inc. v. Riedl*, 2020 WL 11025749, *2 (C.D. Cal. 2020) (same).

**C. FRCP and Local Rule Notice for Non-Maritime Motions & Ex Parte Applications are Inconsistent with Rule B Process**

As noted above, Rule B(1)(b) directs that the court *must* review the complaint and affidavit and, if the conditions of Rule B appear to exist, enter an (ex parte) order authorizing process of attachment and garnishment. As for this judicial review, "[t]he rule envisions that the order will issue when the plaintiff makes a prima facie case showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated." FRCP Supp Rule B Advisory Committed Notes, 1985 amendment.

However, neither Rule B nor the Local Admiralty Rules expressly state that the mandated judicial review of the complaint and affidavit, and issuance of process of attachment and garnishment, can be requested by plaintiff without advance notice to defendant.

Meanwhile, because the court's jurisdiction over a Rule B defendant not found in the district derives from its authority over defendant's attached property that is within the district, and due to the nomadic and often fleeting nature of those assets, it is imperative that process issue promptly.[2] Due to the uniqueness of maritime remedies and the implicit import of Rule B's language, the admiralty bar (undersigned counsel included) has successfully styled such requests as "request for judicial review" or ex parte applications, without giving notice to defendant.[3]

---

[2] The same rationale applies in Admiralty Rule D cases with respect to process by warrant of arrest of a vessel, cargo or other property (including containers).

[3] Local Rule E.4(e) provides for filing a "notice of request for review," hence EPC22's re-submission under this Rule; however, Local Rule E.4(e) does not expressly state that process can issue without notice to defendant. Note: EPC22 did not alert this Court with a "request for review" because it previously admonished there is no such request contemplated by the Local Rules. See *AIT Worldwide Logistics, Inc. v. HSIN Silk Road Shipping Ltd.,* Cal. Central District Court Case No. 22-cv-2630 PA-JC (Dkt. 15 at p.1)

1    In this case, the Court struck down EPC22's applications because EPC22

2  failed to give notice of the requested ex parte relief to Defendant under Local Rule

3  7-19.1. EPC22 respectfully submits it was not required to give notice of the

4  applications and is not required to give notice of this Request for Review, for the

5  following reasons:

6    First, neither Rule B nor due process require pre-attachment notice to

7  Defendant, as confirmed by the advisory committee notes; *Polar Shipping* and *GK*

8  *Management*.

9    Second, Rule A(1)(A) specifies that the Admiralty Rules establish the

10  procedure for obtaining maritime remedies (e.g., attachment and garnishment

11  under Rule B, and arrest under Rules C and D), and that the Federal Rules of

12  Civil Procedure (and corresponding Local Civil Rules) must give way where their

13  requirements are inconsistent with the procedure established by the Admiralty

14  Rules.[4] That is the exact circumstance here:

15    The only reasonable reading of Rule B in the context of Rule A is that (a)

16  process must issue by **ex parte order** if the Court finds that the verified complaint

17  and affidavit meet the requirements of Rule B, and (b) EPC22's effort to obtain

18  the mandated judicial review, whether by request for review or by ex parte

19

20  [4] Rule A provides, in relevant part:

21    Rule A. Scope of Rules
     (1)  These Supplemental Rules apply to:
22  (A)  **the procedure** in admiralty and maritime claims within the meaning
        of Rule 9(h) with respect to the following remedies:
23
        (i)   maritime attachment and garnishment,
24        (ii)  actions in rem,
        (iii) possessory, petitory, and partition actions, and
25        (iv)  actions for exoneration from or limitation of liability.

26    (2)  The Federal Rules of Civil Procedure also apply to the foregoing proceedings
        **except to the extent that they are inconsistent with these Supplemental**
27        **Rules**.

28  Fed. R. Civ. P. Supp Rule A(1)(A), A(2) [emphasis added].

1    application, does *not* trigger the notice requirements for motions and ex parte

2    applications in the Local Civil Rules, because the requirements are inconsistent

3    with the ex parte remedy contemplated by Rule B. If advance notice were given,

4    it "could readily defeat the whole proceeding," as stated in *Polar Shipping.*[5]

5    <u>Third</u>, Local Civil Rule 7-2 provides that Rule 7 applies "to motions,

6    applications, petitions…and all other proceedings except trial on the merits (all

7    such being included in the term 'motion' as used herein) **unless** otherwise ordered

8    by the Court or provided by statute, the F.R.Civ.P., or the Local Rules." (Emphasis

9    added) Since Rule B is part of and supplements the Federal Rules of Civil

10    Procedure, and provides "otherwise" with regard to the requirements for maritime

---

[5] The Advisory Committee Notes suggest that pursuant to its admiralty jurisdiction power the Court can act on a request for issuance of maritime process (whether attachment and garnishment under Rule B or arrest under Rules C and D), whether the request is styled as a "request for review," ex parte application, or some other title, and without notice to the defendant, if doing so would advance the purposes of the Admiralty Rules and the speedy and inexpensive determination of the action:

> The commencement of an action by attachment or garnishment has heretofore been practically unknown in federal jurisprudence except in admiralty, although the amendment of Rule 4(e) effective July 1, 1963, makes available the procedures in accordance with state law. The maritime proceeding in rem is unique, except as it has been emulated by statute, and is closely related to the substantive maritime law relating to liens. Arrest of the vessel or other maritime property is an historic remedy in controversies over title or right to possession, and in disputes among co-owners over the vessel's employment…**while the unified federal rules are generally applicable to these distinctive proceedings, certain special rules dealing with them are needed**…[NP]…No attempt is made here to compile a compete and self-contained code governing these distinctively maritime remedies. The more limited objective is to carry forward the relevant provisions of the former Rules of Practice for Admiralty and Maritime Cases, modernized and revised to some extent but still in the context of history and precedent. Accordingly, **these Rules are not to be construed as limiting or impairing the traditional power of a district court, exercising the admiralty and maritime jurisdiction, to adapt its procedures and its remedies in the individual case, consistently with these rules, to secure the just, speedy, and inexpensive determination of every action**….".

Fed. R. Civ. P. Supp. Rule A Advisory Committed Notes, 1966 and 2006 amendment.

1   attachment and garnishment, the notice requirements of Rules 7-3 and 7-19 do

2   not apply.

3       <u>Fourth</u>, the due process concerns underlying the notice requirements of Local

4   Rules 6-1 and 7-3 (motions) and Local Rule 7-19.1 (ex parte applications) are

5   satisfied in admiralty cases by Rule E(4)(f) and Local Admiralty Rule E.10, which

6   provide for "prompt" post-attachment/arrest hearing where the defendant can

7   challenge the attachment or arrest. *Polar Shipping, supra*, 680 F.2d at 641-42.

8       Based on the above, EPC22 requests that the Court review the Verified

9   Complaint and attorney verification and declaration (attached to the complaint at

10  p.7), and the Declaration of Neil Klein, and issue process of attachment and

11  garnishment if it finds the conditions for Rule B process are satisfied, without

12  requiring prior notice to Defendant.

13  **III.   THE CONDITIONS FOR RULE B PROCESS ARE SATISFIED**

14      Admiralty Rule B permits a plaintiff to attach defendant's property in the hands

15  of garnishees if: (1) Plaintiff has a valid prima facie admiralty claim against

16  defendant; (2) defendant cannot be found within the district; (3) defendant's

17  property can be found within the district, and (4) there is no statutory or maritime

18  law bar to the attachment. Fed. R. Civ. P., Supp. Rule B; *Equatorial Marine Fuel*

19  *Mgmt. Servs. Pte v. MISC Berhad*, 491 F.3d 1208, 1210(9th Cir. 2010), *Aqua Stoli*

20  *Shipping Ltd. v. Gardner Smith Pty. Ltd.,* 460 F.3d 434, 445 (2nd Cir. 2006).

21      The standard of proof for a plaintiff seeking maritime attachment under Rule

22  B is permissive in the initial pleading stage: plaintiff need not prove its claim by a

23  preponderance of the evidence, or to a similar standard, but rather may present

24  sworn factual assertions satisfying the four prerequisites.

25      **A. EPC22 Has a Valid Admiralty Claim Against Defendants**

26      Plaintiff's Verified Complaint confirms that Defendant chartered the Vessel

27  from EPC22 pursuant to a Charter Party dated May 4th 2021 for the transport of

28  Cargo from Indonesia to Greece. The Cargo was loaded on the Vessel in

1  accordance with the stowage plan provided by Defendant; but the stowage plan

2  was faulty, allowing the Cargo temperature to exceed the transport specifications,

3  resulting in damage to the Cargo, but Defendants failed to pay for those damages.

4      Therefore, EPC22 has set out sufficient facts in its Verified Complaint to state

5  a *prima facie* admiralty claim under general maritime law. *Interpool, Ltd. v. Char*

6  *Yigh Marine SA*, 890 F.2d 1453, 1454, fn 2 (9th Cir. 1989) (charter party is a

7  maritime contract).

8      **B. Defendant Cannot Be Found Within This District**

9      Defendant cannot be found within the Central District of California for the

10  purposes of Rule B. EPC22 filed a verification and declaration of J. Stephen

11  Simms to the Complaint, and now submits the Declaration of Neil Klein, both

12  averring that Defendant cannot be found within this District and setting forth the

13  efforts undertaken to find Defendant, as required by Local Admiralty Rule B.2.

14  See Dkt. 1 at p. 7; Klein Declaration.

15      To EPC22's knowledge and based on a search of electronic records and

16  Directory Assistance for addresses and telephone numbers in this District,

17  Defendant does not maintain offices, telephone listing, or general or managing

18  agent in the Central District of California. Defendant is not incorporated or

19  registered to do business in the State of California and does not have a

20  registered agent for the receipt of service of process in the State of California.

21      **C. Defendant's Property Is Found Within This District**

22      EPC22 seeks attachment of Defendants' property, as defined in the Verified

23  Complaint, including but not limited to accounts held by Garnishee DBS Bank Ltd.

24  and any other funds/property maintained by Garnishee for benefit of Defendant.

25      The Verified Complaint sets out the factual "bases for its belief that

26  [D]efendant's property may be found within this District, as well as the garnishees

27  it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme*

28  *Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420, *7

(S.D.N.Y. Nov. 24, 2008) (considering pleading requirements for "property held by garnishee" under Rule B). "At the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (S.D.N.Y. July 18, 2008) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)).

EPC22's allegations in its Verified Complaint demonstrate a "plausible" entitlement to a maritime attachment because they "at least show that it is plausible to believe that Defendant's property will be "in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is affected. *Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd*., 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. Mar. 17, 2009).

Specifically, EPC22 is informed and believes that Defendant does, or will during the pendency of this action, have tangible or intangible property within the Central District of California. The named garnishee DBS Bank Ltd. does business with Defendant and has an office or agents located in this District which, on information and belief, EPC22 reasonably believes holds accounts which are the property of and/or owing to Defendant. See Dkt. 1, ¶16. The proposed Writ thus names DBS Bank Ltd. and orders the garnishment of Defendant's property (bank accounts). Plaintiff's proposed Writ also limits garnishments "to the amount sued for," as required by Rule B.

**D. There Is No Statutory or Maritime Law Bar to Rule B Process**

There is no statutory or maritime bar to the Rule B process of maritime attachment and garnishment.

**IV. Authorization of a Specially Appointed Process Server is Warranted**

Supplemental Rule B(1)(d)(ii) provides in pertinent part as follows:

    If the property is other tangible or intangible property, the summons,

    process, and any supplemental process must be delivered to a

1  person or organization authorized to serve it, who may be (A) a

2  marshal; (B) someone under contract with the United States; (C)

3  **someone specially appointed by the court for that purpose**; or,

4  (D) in an action brought by the United States, any officer or

5  employee of the United States.

6  (Emphasis added). Also, Fed. R. Civ. P. Rule 4(c)(3) provides in relevant part: "At

7  the plaintiff's request, the court may order that service be made by a United States

8  marshal or deputy marshal or by a person specially appointed by the court."

9  As further basis for this Request, service of the maritime garnishment writs

10  issued on garnishees in this District will be straightforward and involve merely

11  delivery of the writ to the garnishees believed to be in possession of funds. Service

12  of maritime garnishment writs will not involve restraint of physical property and

13  utilizing private process service will conserve the resources of the US Marshal.

14  Plaintiff will, upon service, promptly cause returns of service to be filed.

15  **V. CONCLUSION**

16  For the reasons stated herein, EPC22 respectfully requests that the Court

17  direct the Clerk to issue process of attachment and garnishment of Defendant's

18  property including, but not limited to, accounts held by Garnishee DBS Bank Ltd.,

19  and any other funds/property maintained by garnishee(s) for the benefit or on

20  behalf of Defendant.

21  EPC22 further requests the court appoint a special process server who is over

22  the age of 18 and not a party to this action, as set out in the proposed order

23  submitted concurrently herewith.

24  Date: August 3, 2022                    Respectfully submitted,

25

26  _____/s/ Neil B. Klein_____
    Neil B. Klein

27  McKasson & Klein LLP
    Attorneys for Plaintiff Eastern Pacific

28  Chartering (22) Inc.