UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5111 PA (JCx) | | Date | August 5, 2022 |
|---|---|---|---|---|
| Title | Eastern Pacific Chartering (22) Inc. v. Louis Dreyfus Company Freight Asia PTE Ltd. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

  Before the Court is "Notice of Request for Review" filed by plaintiff Eastern Pacific Chartering (22) Inc. ("Plaintiff") (Docket No. 14). Plaintiff essentially asks the Court to reconsider its order striking Plaintiff's Ex Parte Application for Issuance of Process of Maritime Attachment and Garnishment and Ex Parte Application for Order Appointing Special Process Server, which the Court ordered stricken because neither of those Ex Parte Applications appeared to comply with the requirements for Ex Parte Applications contained in Local Rule 7-19.

  Specifically, Plaintiff's Ex Parte Applications did not supply all of the information required by Local Rule 7-19. See Local Rule 7-19 ("An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof."). Nor did Plaintiff's Ex Parte Application contain any information satisfying "the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Local Rule 7-19.

  In its "Notice of Request for Review," Plaintiff asserts that Local Rule 7-19's notice requirements are inconsistent with provisions of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), because, for instance, a party seeking attachment and garnishment pursuant to Supplemental Rule B(1)(b):

> The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5111 PA (JCx) | Date | August 5, 2022 |
|---|---|---|---|
| Title | Eastern Pacific Chartering (22) Inc. v. Louis Dreyfus Company Freight Asia PTE Ltd. | | |

the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

Supplemental Rule B(1)(b).

Contrary to Plaintiff's assertion, Supplemental Rule B(1)(b) is not inconsistent with Local Rule 7-19, because Local Rule 7-19.2 provides for waiver of notice of an ex parte application if "the judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice . . . the judge may waive the notice requirement of L.R. 7-19.1." Local Rule 7-19.2; see also Local Admiralty Rule A.1. ("These local rules may be referred to as "local admiralty rules." They apply only to civil actions that are governed by Supplemental Rule A of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rule or Rules). All other local rules are applicable in these cases, but to the extent that another local rule is inconsistent with the applicable local admiralty rules, the local admiralty rules shall govern." (emphasis added)). Because the notice requirement of 7-19.1 is waivable, there is nothing inconsistent between Local Rule 7-19 and the Supplemental Rules.

Plaintiff's Ex Parte Applications contained no facts, legal arguments, or other rationale for dispensing with Local Rule 7-19.1's notice requirements. Such facts might appear on the face of a pleading when exigent circumstances, such as the risk of a ship leaving the harbor, might exist, but nothing in Plaintiff's Complaint or Ex Parte Application explained such exigent circumstances or otherwise supported consideration of the Ex Parte Applications without notice. It should not be difficult for a party in Plaintiff's position, seeking ex parte relief without notice, to support the ex parte application some facts establishing the reason that the notice requirement should be waived. It is not the Court's role to assume facts to support waiver of the notice requirement or to manufacture a rationale that the party seeking relief should provide in the first instance.

In its Notice of Request for Review, Plaintiff, for the first time, argues that its application for attachment and garnishment should issue promptly and without notice "due to the nomadic and often fleeting nature of those assets." In light of the scheme established by the Supplemental Rules for maritime attachments and garnishments, the Court concludes that this reference provides, barely, sufficient justification for the Court to waive Local Rule 7-19.1's notice requirement as provided by Local Rule 7-19.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5111 PA (JCx) | Date | August 5, 2022 |
|---|---|---|---|
| Title | Eastern Pacific Chartering (22) Inc. v. Louis Dreyfus Company Freight Asia PTE Ltd. | | |

For all of the foregoing reasons, the Court will therefore order the Court's Clerk to issue the Process of Maritime Attachment and Garnishment as requested in Plaintiff's Ex Parte Application and will appoint a special process server.

IT IS SO ORDERED.